DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant competent to stand trial. On October 20, 2004, appellant was indicted on one count of aggravated robbery and one count of felonious assault, in violation of R.C. 2911.01(A)(1) and2903.11(A)(2). On April 24, 2006, appellant entered a negotiated plea to the single count of felonious assault, with a one year gun specification. *Page 2 
 {¶ 2} On May 24, 2006, appellant was sentenced to a term of incarceration of three years with a one year consecutive term for the gun specification. Appellant now disputes the trial court's decision finding him competent to stand trial. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 3} Appellant, Charles H. Hardin, sets forth the following two assignments of error:
 {¶ 4} "I: Hardin was not competent to stand trial due to debilitating physical and psychiatric problems, and the trial court erred by not having a full hearing on the issue. And, Hardin could not have entered his no contest pleas in a voluntary and knowing manner.
 {¶ 5} "II: Hardin's sentence violated the mandate of Foster v.Ohio because the trial court made findings of fact in not imposing the shortest available prison term."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. This matter stems from an incident in Toledo occurring on July 28, 2004, involving appellant and a codefendant.
 {¶ 7} Appellant and a codefendant observed two younger men walking down a street. One of them was carrying a backpack. Appellant and his cohort approached the young men and began to aggressively question them regarding the contents of the backpack. *Page 3 
 {¶ 8} While attempting to rob the victim of his backpack, the victim and his friend tried to flee and ran down the street. The codefendant shot the victim in his back as he tried to escape, severely damaged his spine, and rendered him a lifetime paraplegic.
 {¶ 9} On October 20, 2004, appellant was indicted for aggravated robbery and felonious assault. While this case was pending, appellant suffered head trauma in a motor vehicle accident. Following appellant's release from a rehabilitation center, an initial court diagnostic competency assessment was conducted.
 {¶ 10} On September 7, 2005, the findings of the initial competency assessment indicated that appellant was not competent to stand trial at that time. The extent to which appellant would recover was unknown. Accordingly, the trial court ordered that appellant be reevaluated in four months to determine whether appellant had sufficiently recovered to be restored to legal competency. The trial court action ordered the follow-up evaluation pursuant to R.C. 2945.38(B)(1).
 {¶ 11} On January 17, 2006, appellant underwent the follow-up competency evaluation. The follow-up assessment concluded that appellant had made substantial cognitive progress. The follow-up evaluation carefully detailed appellant's substantially improved functioning. In response to the follow-up evaluation, the trial court conducted a conference call with the medical director of the Court Diagnostic Center to further assess and consider the status of appellant's cognitive functioning and competency. *Page 4 
 {¶ 12} The trial court held a hearing on February 22, 2006, regarding appellant's competency. The trial court determined that appellant was restored to competency and could stand trial. Trial was scheduled for April 18, 2006.
 {¶ 13} Subsequent to the court's competency determination, a negotiated plea agreement was reached. On April 26, appellant pled guilty to felonious assault with a one year gun specification. Appellant was sentenced to a three-year term of incarceration for the felonious assault conviction with a consecutive one-year term of incarceration for the gun specification. Appellant made a timely appeal to this court.
 {¶ 14} In his first assignment of error, appellant asserts that he was not legally competent to stand trial, thereby undermining the legitimacy of the negotiated plea agreement. Appellant maintains that the content of his reevaluation must be construed in such a way that it cannot be interpreted to support the finding of competency.
 {¶ 15} Prevailing case law on the standard of appellate review to be applied to trial court competency determinations is well established. If the record contains reliable and credible evidence in support of the trial court's conclusion deeming the defendant legally competent, then the appellate court will not disturb the finding of legal competency.State v. Williams (1986), 23 Ohio St.3d 16, ¶ 4.
 {¶ 16} We have carefully reviewed and considered the record of proceedings below, with particular attention paid to the report of appellant's reevaluation dated January 18, 2006. The January 18, 2006 report methodically and thoroughly delineates appellant's substantial cognitive progress. The content of that report makes clear *Page 5 
appellant's cognitive functioning had been restored to such a level that it could be reasonably construed to find appellant capable of understanding the nature and objective of the proceedings pending against him.
 {¶ 17} The record encompasses reliable and credible evidence in support of the trial court's competency determination. As such, we will not disturb that ruling. Appellant's first assignment of error is not well-taken.
 {¶ 18} In his second assignment of error, appellant asserts that his case must be remanded for resentencing as the original sentence was not conducted in conformity with State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856. We have reviewed the sentencing transcript and we note that the trial court did engage in factual findings previously mandated to comport with Ohio sentencing statutes but now deemed unconstitutional pursuant to Foster. We note that appellee concedes the matter must be remanded for resentencing pursuant to Foster. We find appellant's second assignment of error well-taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. The case is remanded for resentencing to comply withFoster. Appellant and appellee are each ordered to pay one-half the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED AND REMANDED FOR RESENTENCING.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1